**CSD 1171.2** [04/06/11]
Name, Address, Telephone No. & I.D. No.

Mark L. Miller, SBN: 171394/Larissa L. Lazarus, SBN: 250293
Law Offices of Mark L. Miller
2341 Jefferson Street, Ste. 100
San Diego, CA  92110
Phone: 619-574-0551/Fax: 619-574-6243
larissa@millerlegalcenter.com

Order Entered on December 27, 2011
by Clerk U.S. Bankruptcy Court
Southern District of California

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

In Re

ALLEN AND MARY JO LAFIN,

Debtor.

BANKRUPTCY NO. 11-09141-MM13

Date of Hearing: 12/21/2011
Time of Hearing: 1:00 p.m.
Name of Judge:   Hon. James W. Meyers

## ORDER GRANTING DEBTOR'S MOTION TO VALUE REAL PROPERTY, TREAT CLAIM AS UNSECURED AND AVOID JUNIOR LIEN OF
NEW CENTURY MORTGAGE CORPORATION

(*Affected Lien Holder*)

   IT IS ORDERED THAT the relief sought as set forth on the continuation pages attached and numbered two (2) through   5   with exhibits, if any, for a total of   5   pages, is granted.  Motion/Application Docket Entry No.   18

//
//
//
//
//
//

DATED:   December 23, 2011

Judge, United States Bankruptcy Court

**CSD 1171.2**

`CSD 1171.2 [04/06/11]`**(Page 2)**
ORDER GRANTING DEBTOR'S MOTION TO VALUE REAL PROPERTY, TREAT CLAIM AS UNSECURED AND AVOID JUNIOR LIEN OF __NEW CENTURY MORTGAGE CORPORATION__

DEBTOR: __ALLEN AND MARY JO LAFIN__    CASE NO: 11-09141-MM13

The Motion was filed in connection with confirmation of the Debtor's Chapter 13 Plan dated __5/31/2011__ ("Plan"), to value and avoid the junior deed of trust, mortgage or other encumbrance of __NEW CENTURY MORTGAGE CORPORATION__ ("Affected Lien Holder"), recorded on __11/9/2005__ as instrument number __2005-0973695__ in the official records of __SAN DIEGO COUNTY RECORDER__ ("Affected Lien") encumbering the real property commonly known as: __7711 Cedar Lake Avenue, San Diego, CA 92119__, and more fully described as *(Insert legal description or attach exhibit)* __SEE ATTACHMENT A__ ("Property").

Associated Claim:

☐ The Affected Lien Holder filed a proof of claim on _____ assigned Claim No. _____, which is associated with the Affected Lien ("Claim"); or

☒ As of the date of this Order, Affected Lien Holder has not filed a proof of claim associated with the Affected Lien.

The Court having reviewed the Motion and supporting documents, finds that:

1. Service of the Motion on the Affected Lien Holder appears to comply with Fed. R. Bankr. P. 7004 because it was accomplished as follows:

    ☒ By certified mail addressed to a specifically named officer of the Affected Lien Holder under Rule 7004(h);

    ☒ Upon an individual under Rule 7004(b)(1);

    ☐ Upon a domestic or foreign corporation or upon a partnership or other unincorporated association under Rule 7004(b)(3);

    ☐ Other: _____

2. The Motion was:   ☒ Unopposed   ☐ Opposed   ☐ Settled by Stipulation

3. The Property is valued at no more than $ __400,000.00__;

4. The total balance owing on the deeds of trust, mortgages or other liens encumbering the Property which are senior in priority to the Affected Lien is $ __444,915.79__, which exceeds the value of the Property and the

`CSD 1171.2`

Signed by Judge James W. Meyers December 23, 2011

`CSD 1171.2 [04/06/11]`**(Page 3)**
ORDER GRANTING DEBTOR'S MOTION TO VALUE REAL PROPERTY, TREAT CLAIM AS UNSECURED AND AVOID JUNIOR LIEN OF _____NEW CENTURY MORTGAGE CORPORATION_____
DEBTOR: CASE NO: 11-09141-MM13
_____ALLEN AND MARY JO LAFIN_____

Affected Lien is wholly unsecured.

Therefore, the Claim may be satisfied through the Plan as an unsecured claim pursuant to 11 U.S.C. §§ 506(a) and 1322(b)(2);

IT IS ORDERED THAT:

1. The Claim will be paid pursuant to the Plan as a non-priority general unsecured claim to the extent allowed. If Affected Lien Holder has not filed a proof of claim, and the deadline to file unsecured claims has expired, Affected Lien Holder has an extension of the deadline until 60 days after the date of entry of this Order;

2. Upon completion of payments under the confirmed Plan and entry of the resulting discharge, the Affected Lien will be deemed fully satisfied, and Affected Lienholder is required to reconvey and release the Affected Lien. If the Affected Lien Holder fails to release the Affected Lien within the time required by applicable state law, the Debtor may file a motion requesting an order to extinguish the Affected Lien;

3. If this case is dismissed or converted to Chapter 7, the Affected Lien Holder shall retain its lien for the full amount due under the corresponding note;

4. That Debtor's counsel is authorized to add, in connection with Plan Confirmation, the guideline fee as reflected in the Rights and Responsibilities Statement for motions of this type and costs subject to proof. This determination is without prejudice to Debtor's counsel's right to seek additional fees through fee application.

5. Additional provisions:
   Additional costs awarded for filing and serving Debtors' Motion to Avoid Lien in the amount of $93.38, with a total reward of $543.38. See Declaration by Larissa L. Lazarus.

`CSD 1171.2`

Signed by Judge James W. Meyers December 23, 2011

# ALLEN AND MARY JO LAFIN

# 11-09141-MM13

# ORDER GRANTING DEBTORS' MOTION TO VALUE REAL PROPERTY, TREAT CLAIM AS UNSECURED AND AVOID JUNIOR LIEN OF NEW CENTURY MORTGAGE CORPORATION

## ATTACHMENT A

(O) "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.
(P) "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard

-6(CA) (0207)  Page 2 of 15  Initials: _____  Form 3005  1/01

to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.
(Q) "Successor in Interest of Borrower" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY
This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the
County of SAN DIEGO :
[Type of Recording Jurisdiction]  [Name of Recording Jurisdiction]
LOT 583 OF SAN CARLOS UNIT NO. 8, IN THE CITY OF SAN DIEGO, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO MAP THEREOF NO. 4843, FILED IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, OCTOBER 27, 1961.

Parcel ID Number: 675-330-51   which currently has the address of
7711 CEDAR LAKE AVE.   [Street]
SAN DIEGO   [City], California  92119   [Zip Code]
("Property Address"):